IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVEILLE DIVISION
CRIMINAL CASE NO. 1:24-cr-00045-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| (1) DESMORIA DEORIA ALLISON; ) | |
| (2) MUSTAFA DAJRON HOWIE; and ) | |
| (3) KINYONA JANAE MCCLAIN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion to Transfer Case to the Charlotte Division. [Doc. 9].

On June 18, 2024, a grand jury sitting within the Charlotte Division of this District returned a Bill of Indictment charging the Defendants Desmoria Deoria Allison, Mustafa Dajron Howie, and Kinyona Janae McClain with various firearms offenses. [Doc. 1]. Specifically, Defendant Allison was charged with two counts of making a false statement during the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2); Defendant Howie was charged with two counts of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); and Defendant McClain was charged with one count of making a false statement

during the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and with one count of making a straw purchase of a firearm, in violation of 18 U.S.C. § 932(b)(1). [Id.]. The Bill of Indictment alleges that Defendant Allison and Defendant McClain's offense conduct occurred in Cleveland County. [Id.]. It further alleges that one of Defendant Howie's firearm possession charges occurred in Mecklenburg County, while the other allegedly occurred in Cleveland County. [Id.].

The Government, upon presenting this matter to a Charlotte grand jury and intending this case to be designated to a judge in the Charlotte Division, captioned the Indictment to reflect the Charlotte Division. [Id.]. The Clerk's Office, however, upon noting that some of the offense conduct occurred in Cleveland County, assigned this matter to the Asheville Division. The Government now moves to transfer this matter from the Asheville Division to the Charlotte Division for further proceedings. [Doc. 9]. Only Defendant McClain has opposed the Government's motion. [Doc. 10].

Rule 18 of the Federal Rule of Criminal Procedure 18 provides that "the court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Civ. P. 18. A party may seek an intra-district transfer of a case from one division of a district to another under Rule

2

18. See, e.g., United States v. Mosby, No. 22-CR-00007-LKG, 2023 WL 5879294, at *4 (D. Md. Sept. 11, 2023); United States v. Salerian, No. 1:13CR00017, 2014 WL 279584, at *3 (W.D. Va. Jan. 24, 2014); United States v. Salko, No. 1:07-CR-286, 2008 WL 2444515, at *1-2 (M.D. Pa. June 13, 2008). The decision whether to transfer a case to a different division within a district is a matter within the Court's broad discretion. Mosby, 2023 WL 5879294 at *4. The party seeking a change of division bears the burden of demonstrating that a transfer is appropriate under the circumstances. See United States v. McDonald, No. 5:21-cr-00012, 2023 WL 2574991, at *2 (W.D. Va. Mar. 20, 2023).

Here, at least part of the underlying offense conduct occurred in Mecklenburg County. Both the government attorney and the case agent assigned to this matter are based in the Charlotte Division. Defense counsel are located in Columbia, South Carolina; Asheville, North Carolina; and Charlotte, North Carolina, respectively. As such, transferring this matter to the Charlotte Division would not cause any more collective inconvenience to defense counsel than keeping the matter in the Asheville Division would. Additionally, while Cleveland County is within the Asheville Division, the physical proximity of Cleveland County to Mecklenburg County, where the Charlotte Division courthouse is located, would make it more convenient for

3

any potential witnesses from that area to appear there for trial as opposed to Asheville. For all of these reasons, and in the interest of the prompt administration of justice, the Court finds that the Government has carried its burden of demonstrating that transfer is appropriate. Accordingly, the Court will grant the Government's motion.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Transfer Case [Doc. 9] is **GRANTED**, and this matter is transferred to the Charlotte Division for further proceedings.

The Clerk of Court is respectfully directed to assign this matter a Charlotte Division case number and reassign this matter to a Charlotte Division judge.

**IT IS SO ORDERED.**

Signed: August 26, 2024

Martin Reidinger
Chief United States District Judge